# Haydon *vs* Ewing's devisees.

### APPEAL FROM THE WAYNE CIRCUIT.

*Construction of wills. Election. Latent ambiguities. Jurisditcion.*

JUDGE MARSHALL delivered the Opinion of the Court.

GEORGE EWING, after having, in the second clause of his will, emancipated the negro slave "Simon," common-

ly called Si, and his wife Judah, proceeds in the 5th clause, to devise "the children of Si and his wife Judah," to his daughter Catharine Haydon, during her natural life, and to her children after her death: but if she should die without child, he devises them to be equally divided between his grand-children, the children of his deceased daughter, Polly Carter, who are the complainants in this bill. In a subsequent clause, he devises one half of the residue of his estate to his daughter, Catharine Haydon, during life, and to her children after her death, but if she should die childless, then to his grand-children, the complainants, as before, "reserving, however, out of the same, the sum of $2000," which he bequeaths to Leo Haydon, the husband of his daughter, Catharine, provided he should survive her, in which case, he further bequeaths to him, all the household and kitchen furniture heretofore given by him, the testator, to his said daughter.

Catharine Haydon died childless, leaving her husband surviving, who claims the $2000, and the furniture bequeathed to him by the will, and also a negro girl, Angeletta, one of the children of Si and his wife Judah, independently of the will. The bill was filed for the purpose of compelling him to make his election, he being one of the two executors of the will, and in case of his electing to take the legacy bequeathed to him, a decree for the slave Angiletta is prayed.

The words, "the children of Si and his wife Judah," as they stand in the will, unaffected by any extraneous fact, certainly do mean all the children of Si and Judah, and should be so understood.

But Leo Haydon alleges that Angeletta, though one of the children of Si and Judah, was not the property of the testator at the time of his death, or at the date of his will, having been given by the testator to himself some years before, in consequence or consideration of his having married his daughter. He contends, therefore, that the testator did not intend to embrace Angelletta in the devise of the children of Si and Judah, and that he is not contravening the will in holding her under the gift. His case would certainly have been stronger if Angeletta, though one of the children of Si and Judah, had never

been the property of the testator, or if having once been his property, she had been sold by him and acquired by Haydon from the purchaser. For if it be not judicially known that many fathers, after what is regarded as a gift of property to their children, still consider themselves as the owners, so far as to dispose or attempt to dispose of it by will; this will furnishes intrinsic evidence that such was the opinion of this testator as to his power over property thus situated, since he bequeaths to Leo Haydon the furniture which he says he had previously given Haydon's wife.

HARVARD LAW SCHOOL LIBRARY

Conceding then, that the alleged gift of Angeletta is fully proved, it may be doubted whether there is not enough on the face of the will to repel the effect of that single fact, in restricting the sense of the words, "the children of Si and Judah," in their application to the subjects of the devise. At most, the fact relied on by Haydon, only makes out a case of latent ambiguity, arising upon the application of the devise to the subjects described in it, and as such, it may be solved not only by the facts, both in and out of the will, but also, by parol evidence of intention, for it is a question, not of power, but of intention.

Adverting then, to some of these evidences of intention, it appears yet, that by another clause of this will, the testator devises to the complainants, the negroes Elvira, Buck, and also Ruth and her children. And it is proved that one of these negroes had been in possession of the father and mother of the devisees for more than twenty years, and that the others had been in their possession three or four years, all having been acquired from the testator.

That a few weeks before the writing of this will, another had been written by the same draftsman, in which the slaves devised were mentioned by name, and among them was Angeletta, expressly devised, and that this previous will was repudiated for the express purpose of devising the negroes by families instead of devising them individually. The presumption arising from these facts, that the previous will had been destroyed, removes the objection to the statement of its contents by the witness.

Altho' a father-in-law may have placed a slave in possession of a son-in-law, who may have considered it a gift; yet if father-in-law thereafter devise the slave to another, and give a legacy to son-in-law, he cannot claim both the slave and legacy. —In such case, the chancellor can compel an election.

It appears, not only by inference from the provisions contained in this will, but from parol testimony directly to the point, that the testator always intended that his negroes should go to, and be enjoyed by not only his children, but his grand-children.

From a consideration of these facts, without referring to others of a minute character, we are satisfied that the testator intended to embrace Angeletta in the devise of the children of Si and his wife Judah: whence it follows that this is a case for an election by Haydon whether he will hold the slave Angeletta and renounce the legacy bequeathed to him, or take the legacy and surrender Angeletta. As he had not openly demonstrated that election before the bill was filed, but claimed to hold both, there was no remedy at law, and it was certainly a proper case for the interposition of the Chancellor to compel an election. And his election to take the legacy having been sufficiently demonstrated in his answer, the decree directing him to surrender Angeletta to the complainants is affirmed.

